IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEWEL LEE and MEGAN TRAMA, for themselves, as private attorneys general, and/or on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br>(King County Superior Court Case No. 25-2-29677-6 SEA) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: JEWEL LEE and MEGAN TRAMA, and their Attorneys of Record

Defendant Nordstrom, Inc., ("Nordstrom"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 25-2-29677-6 SEA, to the United States District Court for the Western District of Washington. Nordstrom removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the grounds set forth below.

On October 9, 2025, Plaintiffs Jewel Lee and Megan Trama, acting individually and on behalf of a purported class of persons they seeks to represent, served the Complaint and Summons on Nordstrom's registered agent. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons,



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

Complaint, Order Setting Case Schedule, and Case Information Cover Sheet is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Nordstrom. See 28 U.S.C. § 1446(a).

Removal of this action is therefore timely because Nordstrom filed this Notice of Removal within 30 days after the service of the Summons and Complaint. See U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

Nordstrom removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendant; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**Proposed Class Action**

Plaintiffs bring this case as a proposed class action, (Compl. ¶ 49; Ex. 1), and they appear to seek certification of the putative class under Washington Court Civil Rule 23(b)(3) (*id.* ¶ 54), which is identical in all material respects to Federal Rules of Civil Procedure 23(b)(3). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332 (d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

**Minimal Diversity**

Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

As alleged in the Complaint, Plaintiff Jewel Lee is a resident of Washington and Plaintiff Megan Trama is a resident of California. (Compl. ¶¶ 11–12.) Plaintiffs Jewel Lee and Megan



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

Trauma seek to represent a nationwide class comprised of the following: "All persons nationwide who, within the applicable limitations period, received an email from or at the behest of Defendant that that contained in the subject tine a 'xx% Off' or similar percentage-off statement." (*Id.* ¶ 49.)

Plaintiff Jewel Lee also seeks to represent a Washington State subclass comprised of the following: "All residents of the State of Washington who, within the applicable limitations period, received an email from or at the behest of Defendant that that contained in the subject tine a "xx% Off" or similar percentage-off statement." (*Id.* ¶ 50.)

As Plaintiffs acknowledge, Defendant Nordstrom is a Washington corporation with its principal place of business in Washington. (*Id.* ¶ 13.) No other defendants are named in this action. Accordingly, diversity exists between (i) Plaintiffs and the nationwide class they seek to represent on the one hand and (ii) Nordstrom on the other hand, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

The number of members of the nationwide class that Plaintiffs propose is not less than 100 persons. See 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that "based on information and belief, the Classes comprises thousands of individuals." (*Id.* ¶ 53.)

**The Amount in Controversy Is Over $5,000,000**

"In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

"In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the maximum recovery the plaintiff could reasonably recover."



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

*Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

Here, Plaintiffs allege that the putative classes consists of "comprises thousands of individuals," (Compl. ¶ 53), and seek "$500 in statutory damages for each and every email that violated CEMA that was transmitted to them" as well as "actual damages, treble damages, and attorneys' fees and costs, pursuant to RCW 19.86.090." (*Id.* ¶ 82.) The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

Nordstrom estimates, based on its business records, that between October 8, 2021 and the present date, Nordstrom sent more than 10,000 emails containing "xx% Off", or a similar percentage-off statement in the subject line, to individuals nationwide.

With $500 in alleged minimum damages per email and more than 10,000 emails sent to members of the proposed nationwide class, the amount in controversy exceeds $5,000,000, even before accounting for Plaintiffs' requested attorneys' fees. Accordingly, the alleged aggregated damages, fees, and costs Plaintiffs seek surpass CAFA's $5,000,000 amount-in-controversy requirement.

**<u>Removal is Proper</u>**

Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Nordstrom is entitled to remove the present action to the Court.

King County Superior Court lies within the Western District of Washington. Accordingly, removal to this district is proper. See 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. See LCR 3(e)(1).

Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

The removal of this action terminates all proceedings in the Superior Court. See 28 U.S.C. § 1446(d).

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Nordstrom's right to assert any defense. Nordstrom reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

In accordance with LCR 101(b), Nordstrom has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Nordstrom has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099

Respectfully submitted this 3rd day of November, 2025.

**HOLLAND & KNIGHT LLP**

By: *s/Austin Rainwater*
Austin Rainwater, WSBA No. 41904
By: *s/Shannon Armstrong*
Shannon Armstrong, WSBA No. 45947
By: *s/Abigail Gore*
Abigail Gore, WSBA No. 62076
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
Telephone: 206.505.4000
Email: Austin.Rainwater@hklaw.com
Shannon.Armstrong@hklaw.com
Abigail.Gore@hklaw.com

*Attorneys for Defendant Nordstrom, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2025, I caused a true and correct copy of the foregoing document to be served on the parties listed below in the manner indicated:

| | |
|---|---|
| Daniel M. Hattis<br>Che Corrington<br>Angelina Lin<br>HATTIS LUKACS & CORRINGTON<br>11711 SE 8th Street, Suite 120<br>Bellevue, WA 98005<br>Email: dan@hattislaw.com<br>che@hattislaw.com<br>angelina@hattislaw.com<br><br>*Counsel for Plaintiffs and the Proposed Classes* | ☐ Via Hand Delivery<br>☐ Via U.S. Mail<br>☑ Via E-mail<br>☑ Via the Court's E-Service Device |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 3rd day of November, 2025.

*s/ Jacey Bittle*
Jacey Bitte, Practice Assistant



HOLLAND & KNIGHT
701 Fifth Avenue, Suite 4700
Seattle, WA 98104
T: +1.206.505.4000
F: +1.206.505.4099