UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEWELL LEE and MEGAN TRAMA, for themselves, as private attorneys general, and/or on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>Defendant. | CASE NO. 2:25-cv-02180-TL<br><br>ORDER REMANDING CASE |

This matter is before the Court *sua sponte*. Having reviewed the record, the Court finds that it lacks subject-matter jurisdiction over this action and, pursuant to 28 U.S.C. § 1446(c), REMANDS the case to King County Superior Court. *See D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) ("Federal courts are *required* sua sponte to examine jurisdictional issues such as standing." (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001))).

## I. Background

### A. Commercial Electronic Mail Act and Consumer Protection Act

Washington's Commercial Electronic Mail Act ("CEMA"), Chapter 19.190 RCW, "prohibits sending Washington residents commercial e-mails that contain any false or misleading information in the subject lines of such e-mails." *Brown v. Old Navy, LLC*, 4 Wn.3d 580, 596, 567 P.3d 38 (2025) (emphasis removed). "A violation of CEMA's e-mail regulations is a per se violation of the Consumer Protection Act (CPA)." *Id.* at 584. In this case, Plaintiffs allege that they are the recipients of emails from Defendant that "contained false or misleading discount advertising in the subject line." Dkt. No. 1-2 (state-court complaint) ¶ 10.

### B. Procedural Background

On October 8, 2025, Plaintiffs filed this purported class action in King County Superior Court, alleging violations of CEMA and the CPA. *See generally* Dkt. No. 1-2. On November 3, 2025, Defendant removed the action to federal court, alleging this Court's subject-matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Dkt. No. 1 at 2 (notice of removal).

## II. Legal Standard

### A. Mandatory Remand

28 U.S.C. § 1447(c) provides, in part, that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The statute is imperative: "Section 1447(c) is mandatory, not discretionary." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997).

### B. Standing

Federal courts are constrained by the case-and-controversy requirement of Article III, which limits the jurisdiction of federal courts to cases where plaintiffs have established standing.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing" exists where a plaintiff is entitled to bring their claims before the court and is an essential ingredient of determining a court's jurisdiction. *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021). In order to have standing to bring a lawsuit, a plaintiff must demonstrate an injury that is (1) "concrete, particularized, and actual or imminent" (an "injury-in-fact"), (2) "fairly traceable to the challenged action," and (3) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.

## III. Discussion

"Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robins (Spokeo II)*, 578 U.S. 330, 341 (2016). This means that "a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo III)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo II*, 578 U.S. at 341); *see Stutsman v. Sirius XM Radio LLC*, No. C25-1113, 2026 WL 2445129, at *2 (W.D. Wash. Aug. 20, 2026) ("[T]he legislature's creation of a statutory prohibition or obligation and a cause of action 'does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III[.]'" (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021))).

Here, Plaintiffs allege three types of misconduct. First, "[Defendant] has engaged in a massive and consistent false discount advertising scheme across the Nordstrom Rack website, in its Nordstrom Rack retail stores, and in its Nordstrom Rack marketing emails." Dkt. No. 1-2 ¶ 3. Second, "[Defendant] . . . falsely advertises that the purported savings at Nordstrom Rack are for a limited time and indicates that the products will return to the full price after the sale ends, when

in fact the advertised savings are perpetual and never-ending." *Id.* ¶ 5. Finally, Defendant "send[s] a constant stream of Nordstrom Rack marketing emails to consumers nationwide that prominently advertises these false discounts in the subject line." *Id.* ¶ 6.

But misconduct is one thing; injury caused by that misconduct is quite another. Here, Plaintiffs allege no harm beyond their receipt of the offending emails (which, for that matter, they do not characterize as harmful). *See* Dkt. No. 1-2 ¶¶ 11, 12. They do not allege, for example, that the emails were unwanted or that they were burdensomely numerous, and they do not allege that Plaintiffs relied (detrimentally or otherwise) on the allegedly false information contained in their subject lines. Plaintiffs do not even allege that they read the emails, or that their receipt of the emails triggered any kind of reaction. Indeed, "Plaintiffs would like to continue receiving Nordstrom Rack commercial emails, provided that the subject lines of the emails do not contain false or misleading information." *Id.* ¶ 44. In *Stutsman*, the court remanded a similar case to state court, "follow[ing] an ever-growing list of decisions finding that the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury, does not constitute a concrete harm sufficient to establish Article III injury." *Stutsman*, 2026 WL 2445129, at *4 (collecting cases). Nothing in the record indicates that the Court should dispose of this case any differently.

Because Plaintiffs have not sufficiently pleaded an injury, the Court lacks subject-matter jurisdiction, and it does not have authority to consider Defendant's Motion to Compel Arbitration (Dkt. No. 18) or Motion for Leave to File a Response to Plaintiff's Notice of Supplemental Authority (Dkt. No. 43). *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983) ("[The Federal Arbitration Act] provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute."); *e.g.*, *Lopez v. Cash Express, Inc.*, No. C11-7116, 2015 WL 1383535,

at *6 (C.D. Cal. Mar. 24, 2015) ("Because the action must be remanded for lack of jurisdiction, there is no jurisdiction to act on the Motion to Compel Arbitration."). Accordingly, the Court will not rule on Defendant's Motion to Compel Arbitration and Stay Proceedings (Dkt. No. 18) and Motion for Leave to File a Response to Plaintiff's Notice of Supplemental Authority (Dkt. No. 43); these motions are terminated. *See, e.g.*, *Thomas v. Sec. Indus. Specialists, Inc.*, No. C19-5770, 2020 WL 60210, at *3 (N.D. Cal. Jan. 6, 2020) (terminating defendant's motions to dismiss and compel arbitration after remanding case to state court).

## IV. CONCLUSION

Accordingly, this case is REMANDED to King County Superior Court.

Dated this 21st day of October 2026.

Tana Lin
United States District Judge